UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

|  |  |  |
|---|---|---|
| JUSTIN RASHAD FORREST, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 22-1039-SHM-tmp |
| | ) | |
| OBION COUNTY JAIL ADMINISTRATION, ET AL., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**ORDER DISMISSING THE CASE;
CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD FAITH;
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL;
NOTIFYING FORREST OF THE APPELLATE FILING FEE; AND
RECOMMENDING THAT THIS DISMISSAL BE TREATED AS A STRIKE
UNDER 28 U.S.C. § 1915(g)**

On March 7, 2022, Justin R. Forrest filed a *pro se* civil complaint. (ECF No. 1.) On April 18, 2022, the Court dismissed the complaint pursuant to 28 U.S.C. § 1915(g) because: (1) Forrest is a three-strike filer under § 1915(g) of the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"); and (2) the complaint did not allege that, when the complaint was filed, Forrest was in imminent danger of serious physical injury. (ECF No. 3 (the "Screening Order") at PageID 10-11.) The Screening Order granted leave to file a motion to reinstate the complaint within twenty-eight (28) days of the date of the Screening Order. (*Id*. at PageID 11.)

Forrest's deadline to move to reinstate the case expired on Monday, May 16, 2022. Forrest did not file a timely motion to reinstate the complaint, and he has not sought an extension of time to do so.

For these reasons, the Court DISMISSES the case with prejudice in its entirety for the reasons discussed in the Screening Order.  *See* Fed. R. Civ. P. 41(b).  Judgment will be entered in accordance with that prior Order.

Pursuant to Federal Rule of Appellate Procedure 24(a) and 28 U.S.C. § 1915(a)(3), the Court CERTIFIES that any appeal in this matter by Forrest would not be taken in good faith.  The Court DENIES leave to proceed on appeal *in forma pauperis*.  If Forrest nevertheless chooses to file a notice of appeal, Forrest must either (1) pay the entire $505 appellate filing fee or, if Forrest is confined at that time, (2) submit a new *in forma pauperis* affidavit and a current, certified copy of Forrest's inmate trust account statement for the last six months, in compliance with 28 U.S.C. §§ 1915(a)-(b).

For § 1915(g) analysis of Forrest's future filings, if any, the Court recommends that the dismissal of this case be treated as a strike.  *See* 28 U.S.C. § 1915(g); *see also Simons v. Washington*, No. 20-1406, 2021 WL 1727619, at *1 (6th Cir. May 3, 2021).

IT IS SO ORDERED, this 21st day of July, 2022.

      /s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE